78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald G. BEAGLES, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3707.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1996.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Ronald G. Beagles appeals from the May 17, 1995 initial decision of the Merit Systems Protection Board (board), No. SE-0752-95-0162-I-1, sustaining the Department of the Navy's (the Navy or the agency) decision to remove Beagles after revocation of his security clearance. The initial decision became final on June 21, 1995. Because it is not within the board's jurisdiction to review the merits of an action revoking a security clearance and Beagles has shown no procedural defect in his removal, we affirm.
 
 DISCUSSION
 
 2
 We review decisions of the board under section 7703(c) of Title 5 which provides that the board's decisions must be affirmed unless they were: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 3
 Beagles concedes that his position required a security clearance and that the agency revoked his security clearance. Beagles' contention on appeal is that he was not afforded minimum procedural due process (Due Process) in the clearance revocation process and that the board improperly refused to review his allegation that, pursuant to 5 U.S.C. § 2301(b)(2), he was denied "fair and equitable treatment."
 
 
 4
 Due Process requires notice of the charges and a meaningful opportunity to respond. Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 546 (1985). Due Process for a tenured public employee, such as a permanent competitive service employee like Beagles, means only these three things: "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. The Administrative Judge (AJ) found that the agency provided Beagles with: (1) written notice of intent to revoke his security clearance, including an enclosure summarizing the investigative report and detailing the specifications on which the agency proposed to base its revocation of his security clearance; (2) a prior opportunity to respond; and (3) a prior opportunity to obtain a copy of the full investigative report itself. The AJ further found that the enclosure accompanying the notice was sufficiently detailed for Beagles to respond meaningfully and that Beagles did not avail himself of his opportunity to respond or to get a copy of the report before the revocation of his security clearance became final. Beagles does not dispute that the time allowed for his response was adequate. Because the AJ's findings are supported by substantial evidence in the record, we cannot accept Beagles' argument that the agency denied him Due Process and cannot conclude that the AJ's decision was otherwise arbitrary, capricious, an abuse of discretion, or not in accordance with law.
 
 
 5
 Beagles' arguments that the board denied him "fair and equitable treatment" with regard to 5 U.S.C. § 2301(b)(2) and Executive Order 10450 are equally unsound. The agency here removed Beagles pursuant to its authority under 5 U.S.C. § 7513(a) because retaining his position depended on his maintaining a security clearance. In Department of the Navy v. Egan, 484 U.S. 518, 528 (1988), the Supreme Court reversed our decision holding that the merits of an agency's revocation of a security clearance were within the board's jurisdiction when reviewing a section 7513 removal. The Court held that "[a] denial of a security clearance is not such an 'adverse action,' [under section 7513] and by its own force is not subject to Board review." Id. at 530. The Court's decision made no provision for review of the merits of security clearance decisions insofar as they involve allegations of violations of the fair and equitable treatment provision of 5 U.S.C. § 2301(b)(2), holding simply that the board was without any authority to review any aspect of the merits of security clearance decisions. Moreover, subsequently this court has repeatedly held that the merits of an agency's action regarding a security clearance are not within the board's jurisdiction. See Jones v. Department of the Navy, 978 F.2d 1223, 1225-26 (Fed.Cir.1992) (employees have no liberty or property interest in a security clearance or in access to classified information); Brockmann v. Department of the Air Force, 27 F.3d 544, 546 (Fed.Cir.1994) (board lacks authority to review the merits of an agency's decision to suspend or revoke a security clearance). Beagles cannot now seek review, under the guise of a "fair and equitable treatment" claim, of the agency's final decision to revoke his security clearance. Under Egan and our decisions applying Egan, such an employee has no procedural rights under that provision that go beyond those required by Due Process, assuming they grant him enforceable rights.
 
 
 6
 Finally, Beagles misconstrues Executive Order 10450 as mandating outside review of agency security clearance decisions or providing for greater opportunity to respond than that guaranteed by Due Process. Executive Order 10450, however, does not confer any jurisdiction on the board, much less authority to review security clearance decisions. Indeed, it nowhere mentions the board. Rather, Executive Order 10450 merely confers on agency heads the authority and duty under certain circumstances to conduct their own security investigations. See 3 C.F.R. 936, 936-37 (1949-1953 Comp.). Nor does the Order add procedural requirements. As discussed above, the agency afforded Beagles sufficient notice and a meaningful opportunity to respond prior to revoking his security clearance, all that was required, constitutionally or otherwise, of the agency.